# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHARLES P. PRIDE**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO. 1:10cv100-LG-RHW**

**CITY OF BILOXI, MISSISSIPPI,** *et al.*   **DEFENDANTS**

## REPORT AND RECOMMENDATION

On March 5, 2010, Plaintiff filed this lawsuit against the City of Biloxi and four other named defendants, as well as unknown defendants. Plaintiff contemporaneously filed [2] a one-page motion for leave to proceed *in forma pauperis* (IFP). Finding that additional information was needed for proper determination of Plaintiff's motion, by order [3] entered March 24, 2010, the Court ordered Plaintiff to complete and file with the clerk form AO 239 (01/09) **Application to proceed in District Court Without Prepaying Fees or Costs (Long Form)**. Plaintiff has returned the completed form which the Clerk has filed as [4] a second motion to proceed IFP. After reviewing the motions, the undersigned finds the information provided by the Plaintiff so confusing and inconsistent as to provide inadequate basis for granting the relief requested.

In both motions, Plaintiff stated he was self-employed, although he provides no information as to what that employment is. In his March 5 motion, Plaintiff reported gross income of $3,889.00 in 2009; in the April 2 motion, he states his total monthly income for the past twelve months was $300.00. Plaintiff claims to have no other income, but lists monthly expenditures in Motion [4] as $872.00. While his stated checking account balance has decreased from the $214.00 reported on March 5 to $36.00 in his April 2 motion, the latter motion identifies $310 in a savings account which did not appear at all in the March motion. In March, Plaintiff listed real estate assets valued at $86,000 and $18,000; in April he stated he owns real

estate valued at $126,000 and $18,500. Plaintiff also states in the April motion that he has equipment and tools valued at $15,000. Plaintiff's March motion stated he owned a 2010 Chevy S-10 pickup valued at $2500, and a 1984 Toyota RV valued at $1500. The April motion lists Plaintiff's vehicles as a 1997 GMC Sonoma truck and a 1986 Toyota Sunrader, but states no value as to either vehicle. In short, while there is little discrepancy in Plaintiff's claimed income, the April motion shows an increase in the value of Plaintiff's real estate holdings from $104,000 to $144,500; reflects the disappearance of two vehicles valued at $4,000 and acquisition of two other vehicles for which Plaintiff has stated no value; and shows $310 in savings when Plaintiff claims his monthly income is only $300.00 to begin with, and his expenses are $872.00 per month.

## RECOMMENDATION

Based upon the information presented, and the discrepancies therein, the undersigned recommends that Plaintiff's motions to proceed *in forma pauperis* be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (effective December 1, 2009), within fourteen (14) days after being served a copy of this Report and Recommendation, any party who objects to the Report and Recommendation must file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve said objections upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intend to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to

which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objects to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 13th day of April, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE