IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES P. PRIDE**                                                    **PLAINTIFF**

**V.**                                              **CAUSE NO. 1:10CV100-LG-RHW**

**CITY OF BILOXI, et al.**                                           **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND PLAINTIFF'S MOTION FOR "ADMINISTRATIVE CM/ECF NOTICE ERROR"**

BEFORE THE COURT are the [128] "Motion for Administrative CM/ECF Notice Error and Timely Appeal Filing Rulings" and [130] "Motion to Vacate Want of Prosecution, Per Deprived Conventional Administrative Section 6(3) Notice, and Timely Appeal Paulperis [sic] Affidavit Filing, with Appeal Notice" filed by *pro se* Plaintiff Charles P. Pride.  This case is closed.  The Motions are denied.

Judgment was rendered in favor of Defendants in this case on January 22, 2013. (ECF No. 104).  Pride appealed to the United States Court of Appeals for the Fifth Circuit, (ECF No. 111), and his appeal was dismissed on June 5, 2013. (ECF No. 127).  Since then, Pride has continued to file meritless and inappropriate motions, including but not limited to the two presently before the Court, as well as other documents that appear to have no connection to this action. (*See* Pl.'s Mot. to Compel, ECF No. 114; Pl.'s Mot. for Sanctions, ECF No. 115; Order Den. Mot. to Compel and Mot. for Sanctions, ECF No. 126; Notice of Service of Interrog., ECF No. 117; "Clerk USPS Notice of Pl. Deprived Doc. Mailings," ECF No. 118).

Pride appears to argue, once again, that he was not given notice of orders and other filings.  As the record demonstrates, Plaintiff Pride has repeatedly claimed he

did not receive notice of motions and/or orders throughout this litigation, and he has been admonished more than once that it is his responsibility to maintain a current address with the Court. With respect to Pride's most recent claims that he was deprived of notice of filings in this matter, the record demonstrates that Pride has filed a motion in response to, or an appeal from, every order entered by the Court that he claims he did not receive. (*See, e.g.* Mot. for Reconsid., ECF No. 106; Notice of Appeal as to Order on Den. Mot. for Reconsid., ECF No. 111; Notice of Appeal as to Order on Mot. for Leave to Proceed in Forma Pauperis, ECF No. 124). It is simply not plausible that Pride was unaware of these orders. Moreover, the staff of the Clerk of Court advised Plaintiff Pride to provide a correct mailing address if he is not able to access documents sent to the electronic mailing address he has provided, and he failed to comply with their instructions.

**IT IS THEREFORE ORDERED** that Plaintiff's [128] "Motion for Administrative CM/ECF Notice Error and Timely Appeal Filing Rulings" and [130] "Motion to Vacate Want of Prosecution, Per Deprived Conventional Administrative Section 6(3) Notice, and Timely Appeal Paulperis [sic] Affidavit Filing, with Appeal Notice" are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to provide Plaintiff with a copy of this Order, through United States Mail, return receipt requested. The Clerk is directed not provide any additional notices or correspondence to Plaintiff Pride via electronic mail. The Clerk of Court is further directed not to accept any additional filings in this closed case without prior

approval of the Court.

**PLAINTIFF PRIDE IS REMINDED, ONCE AGAIN, THAT THIS CASE IS CLOSED.  HE IS FURTHER ADMONISHED, THAT ATTEMPTS TO FILE PLEADING OR DOCUMENTS IN THIS CLOSED CASE WITHOUT PRIOR COURT APPROVAL IN VIOLATION OF THIS ORDER MAY RESULT IN APPROPRIATE SANCTIONS.**

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2013.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE